JESSICA L. LINEHAN (SBN 223569)
linehan.jessica@dorsey.com
JILL A. GUTIERREZ (SBN 258138)
gutierrez.jill@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Attorneys for Defendants
VALEANT PHARMACEUTICALS
INTERNATIONAL, MEDICIS
PHARMACEUTICAL CORPORATION,
OBAGI MEDICAL PRODUCTS, INC. AND
BAUSCH & LOMB INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WEINBERG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware corporation; MEDICIS PHARMACEUTICAL CORPORATION, a Delaware corporation; OBAGI MEDICAL PRODUCTS, INC., a Delaware corporation; BAUSCH & LOMB INCORPORATED, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO:  8:15-CV-01260-DOC-KES<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS VALEANT PHARMACEUTICALS INTERNATIONAL, MEDICIS PHARMACEUTICAL CORPORATION, OBAGI MEDICAL PRODUCTS, INC. AND BAUSCH & LOMB INCORPORATED'S MOTION TO DISMISS THE COMPLAINT**<br><br>**DATE:      October 26, 2015**<br>**TIME:      8:30 a.m.**<br>**CTRM:     9D**<br><br>[Filed Concurrently With Notice of Motion, Declaration of Jill A. Gutierrez, and [Proposed] Order]<br><br>Action Filed:  August 6, 2015<br>Trial Date:  Not Set |

/ / /

# TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF LAW ....................................................................................1

INTRODUCTION ................................................................................................1

PLAINTIFF'S FACTUAL ALLEGATIONS........................................................3

ARGUMENT .......................................................................................................5

    I.    Motion to Dismiss Standard.................................................................5

    II.   The Court Should Dismiss All Claims (Counts 1-10) Against the Subsidiaries Because Plaintiff Does Not (and Cannot) Allege that the Subsidiaries Did Anything, and Plaintiff Makes No Alter Ego Allegations.............................................................................................6

    III.  The Court Should Dismiss All of Plaintiff's FEHA Based Claims (Counts 3-8) Against All Defendants Because Plaintiff Fails to Allege that He Filed a Timely Administrative Charge with the DFEH. ....................................................................................................8

    IV.  The Court Should Dismiss All of Plaintiff's FEHA Based Claims (Counts 3-8) Against All Defendants Because the FEHA Does Not Apply to an Arizona Citizen Who Was Employed and Worked in Arizona for a Company Based Outside of California. ............................11

CONCLUSION ..................................................................................................15

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)..........................................6

*Associated Vendors, Inc. v. Oakland Meat Co.*,
  210 Cal. App. 2d 825, 26 Cal. Rptr. 806 (1962).....................................................8

*Automotriz Del Golfo De California S.A. De C.V. v. Resnick*,
  47 Cal. 2d 792, 306 P.2d 1 (1957) ..........................................................................7

*Baker v. Children's Hospital*,
  209 Cal. App. 3d 1057, 257 Cal. Rptr. 768 (1989);...............................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 929 (2007)............................................5

*Bennett v. Borden*,
  56 Cal. App. 3d 706, 56 Cal. App. 3d 706 (1976) .................................................10

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996)......................................................................................5

*Campbell v. Arco Marine, Inc.*,
  42 Cal. App. 4th 1850, 50 Cal. Rptr. 2d 626 (1996).......................................passim

*Dodd-Owens v. Kyphon, Inc.*,
  No. C 06-3988 JF (HRL), 2007 WL 420191,
  at *2-3 (N.D. Cal. Feb. 5, 2007)......................................................................13, 14

*Gonsalves v. Infosys Technologies, Inc.*,
  No. C 09-04112 MHP 2010 WL 1854146 (N.D. Cal. May 6, 2010) .............13, 14

*Hobson v. Raychem Corp.*,
  73 Cal. App. 4th 614 (1999)...................................................................................10

ii

*Hood v. Hacienda La Puente School Dist.*,
   65 Cal. App. 4th 435, 76 Cal. Rptr. 2d 448 (1998)................................................10

*Jamison v. Royal Caribbean Cruises, Ltd.*,
   No. 08-CV-1513 WQH (NLS), 2009 WL 559722,
   at *4 (S.D. Cal. Mar. 4, 2009) ................................................................................7

*Martin v. Lockheed Missiles & Space Co.*,
   29 Cal. App. 4th 1718, 35 Cal. Rptr. 2d 181 (1994)..........................................10

*McCamey v. Hewlett Packard Co.*,
   No. CIV. S-11-0702 FCD, 2011 WL 4056158 at *3 (E.D. Cal. Sept. 12, 2011) . 14

*Mesler v. Bragg Mgmt. Co.*,
   39 Cal. 3d 290, 216 Cal. Rptr. 443 (1985).............................................................7

*Miller v. United Airlines, Inc.*,
   174 Cal. App. 3d 878, 220 Cal. Rptr. 684 (1985)................................................10

*N. Star Int'l v. Ariz. Corp. Com'n*,
   720 F.2d 578 (9th Cir. 1983)..................................................................................5

*Pac. Mar. Freight, Inc. v. Foster*,
   No. 10-CV-0578-BTM-BLM, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24,
   2010).....................................................................................................................7, 8

*Rojo v. Kliger*,
   52 Cal. 3d 65, 276 Cal. Rptr. 130 (1990).........................................................9, 10

*Romano v. Rockwell International, Inc.*,
   14 Cal. 4th 479, 59 Cal. Rptr. 2d 20 (1996)..........................................................9

*Rulenz v. Ford Motor Co.*,
   No. 10CV1791-GPC-MDD, 2013 WL 2181241, at *4-5 (S.D. Cal. May 20,
   2013).......................................................................................................................14

*Schifando v. City of Los Angeles,*
   31 Cal. 4th 1074, 6 Cal. Rptr. 3d 457 (2003).........................................................9

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
    806 F.2d 1393 (9th Cir. 1986)..................................................................11

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal. App. 4th 523, 99 Cal. Rptr. 2d 824 (2000)..................................7

*Stark v. Coker*,
    20 Cal. 2d 839, 129 P.2d 390 (1942) .......................................................7

*Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*,
    368 F.3d 1053 (9th Cir. 2004)................................................................11

*Westinghouse Elec. Corp. v. County of Los Angeles*,
    42 Cal. App. 3d 32, 116 Cal. Rptr. 742 (1974).......................................10

**Other Authorities**

Cal. Gov. Code § 12901 ............................................................9
Cal. Gov. Code § 12930 ............................................................9
Cal. Gov. Code § 12960 ............................................................9
Cal. Gov. Code § 12963 ............................................................9

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**MEMORANDUM OF LAW**

Defendants Valeant Pharmaceuticals International ("Valeant"), Medicis Pharmaceutical Corporation ("Medicis"), Obagi Medical Products, Inc. ("OMP") and Bausch & Lomb Incorporated ("Bausch & Lomb") (collectively, "Defendants") submit this memorandum of law in support of their Motion to Dismiss Plaintiff Joseph Weinberg's Complaint.

**INTRODUCTION**

Plaintiff, a then-Arizona resident working in Arizona, resigned employment from Valeant[1]  after finding a proposed relocation package unappealing, and instead attempted to negotiate months of severance in exchange for a few days' notice of his resignation.  Valeant did not acquiesce to Plaintiff's unworkable request.  In a renewed attempt to seek unmerited compensation from Valeant, Plaintiff has now forum-shopped his way into California and asserts a slew of claims not only against Valeant, but a number of its subsidiaries, none of which he worked for and none of which engaged in any improper conduct toward him.

Specifically, Plaintiff alleges he was employed in an IT position by Valeant in Arizona for a few months in mid-2013.  Although Plaintiff asserts ten causes of action against Valeant and three of its subsidiaries, the crux of Plaintiff's Complaint is now that Plaintiff either resigned or was terminated from his employment at Valeant as a result of either his refusal to provide access to confidential company financial systems to his supervisor, or because Plaintiff asked to speak with HR about unspecified accommodations as a result of his disability.  Although the Complaint details various unfortunate circumstances in Plaintiff's life, it is what the Complaint does *not* say that is fatal to the Complaint.  Specifically, the Complaint

---

[1] Although Plaintiff alleges that he was employed by Valeant Pharmaceuticals International and names that entity as a defendant, Plaintiff was actually employed by Valeant Pharmaceuticals North America, LLC, a subsidiary of Valeant Pharmaceuticals International.  However, for purposes of this motion, the moving Defendants are required to accept as true the allegations of the Complaint.

(which does not even make clear whether Plaintiff resigned or was terminated from his job at Valeant) ultimately suffers from three fatal deficiencies:

- <u>First</u>, all of the claims against Valeant's subsidiaries (Medicis, OMP, and Bausch & Lomb) must be dismissed for failure to state facts sufficient to constitute a cause of action against them, as Plaintiff does not allege that they were Plaintiff's employer, nor does Plaintiff specify a single thing that any of these defendants did that could subject them to liability for any of the ten counts asserted against them.  To the extent Plaintiff may be aiming to hold these subsidiaries liable under a veil piercing theory because they are subsidiaries of his alleged former employer Valeant, Plaintiff fails to adequately allege any facts to support alter ego liability, including only a boilerplate allegation to the effect that he believes the companies are alter egos.  *See* Complaint, ¶ 8.  Plaintiff's claims against these subsidiary defendants must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

- <u>Second</u>, all of Plaintiff's claims based on California's Fair Employment and Housing Act ("FEHA") against all Defendants must be dismissed because Plaintiff fails to allege that he exhausted his administrative remedies by filing a timely administrative complaint against any of the Defendants with the California Department of Fair Employment and Housing ("DFEH") and obtaining a right-to-sue notice from the DFEH, as required by the FEHA as a jurisdictional prerequisite to bringing a civil action under the FEHA.  Thus, Plaintiff's FEHA based claims (Counts 3 through 8) must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Further, Defendants are informed and believe that Plaintiff did not file a timely complaint with the DFEH.  *See* Declaration of Jill A. Gutierrez ("Gutierrez Dec."), Exhibit B.  Unless Plaintiff sets forth facts demonstrating that this deficiency can be cured (which Defendants contend Plaintiff cannot), Plaintiff should not be granted leave to amend these claims.

1    •    <u>Third</u>, all of Plaintiff's claims based on the FEHA must be dismissed

2    because Plaintiff affirmatively alleges that he is an Arizona citizen who worked in

3    Arizona for Valeant, a Delaware corporation headquartered in New Jersey.

4    Complaint, ¶¶ 7, 8, 16.  The FEHA does not protect nonresidents employed outside

5    California, even in cases where, unlike here, the alleged employer is a California

6    employer.  *Campbell v. Arco Marine, Inc*., 42 Cal. App. 4th 1850, 1857-58, 50 Cal.

7    Rptr. 2d 626 (1996).  Plaintiff does not even allege a single tortious activity that

8    allegedly occurred in California.  Thus, for this independent reason, Plaintiff's

9    FEHA based claims (Counts 3 through 8) must be dismissed pursuant to Federal

10   Rule of Civil Procedure 12(b)(6).

11   **<u>PLAINTIFF'S FACTUAL ALLEGATIONS</u>**

12   Plaintiff alleges that he was offered an employment position with Valeant in

13   March 2013 to direct IT infrastructure.  Complaint, ¶ 16.  Plaintiff alleges that he

14   disclosed to Valeant at the outset that he suffered from multiple sclerosis.

15   Complaint, ¶ 17.  Plaintiff allegedly accepted Valeant's employment offer and

16   "began his employment at Valeant in May, 2013" under the supervision of two IT

17   engineering directors, Jacob Alao and Steve Schiavone.  Complaint, ¶ 19.  In

18   essence, Plaintiff alleges he was either terminated or constructively discharged from

19   Valeant as a result of two factors.  First, Plaintiff claims he refused to provide his

20   supervisor, Mr. Alao, with access to Valeant's confidential financial databases

21   (somewhat implausibly, as this presumes that Plaintiff would have access to

22   confidential company databases to which his supervisor lacked access).  Second,

23   Plaintiff claims he requested unspecified accommodations as a result of his multiple

24   sclerosis, and instead of being granted any accommodations, was either terminated

25   or constructively discharged.  *See generally*, Complaint.

26   In support of these allegations, Plaintiff states as follows.  In June 2013, Mr.

27   Alao, one of his supervisors, told Plaintiff that he had his own Nigerian financial

28

3

company.  Complaint, ¶ 22.  Mr. Alao allegedly asked Plaintiff to provide a representative of Mr. Alao's other company access to Valeant's private financial databases.  Complaint, ¶ 23.  Plaintiff alleges that he refused to comply with Mr. Alao's request.  Complaint, ¶ 24.  Plaintiff also alleges that Mr. Also asked Plaintiff to perform his job in a manner that Plaintiff believed fell short of industry standards and that Plaintiff refused to do so.  Complaint, ¶ 25.  After Plaintiff refused to help Mr. Alao with these requests, Plaintiff alleges that Mr. Alao "became hostile" and told Plaintiff that Mr. Also liked to "fire people for 'the fun of the bloodsport,'" that Valeant conducted hostile takeovers of companies, and made insensitive comments regarding the girlfriend of Medicis' founder.  Complaint, ¶ 26.

Plaintiff alleges that these comments by Mr. Alao caused Plaintiff to experience debilitating effects of his multiple sclerosis, and Plaintiff approached Alison Brunger, Valeant's HR director, to "explore these issues so that [Plaintiff] could continue to work for Valeant."  Complaint, ¶ 27.  Plaintiff claims that Ms. Brunger never responded.  *Id.*  Further, Plaintiff claims to have contacted Ms. Brunger again in August 2013 "in order to discuss accommodations."  Complaint, ¶ 30.

After this series of detail, Plaintiff's Complaint then deliberately evades the core issue of whether he then resigned or was terminated from his employment at Valeant.  Plaintiff alleges on one hand that instead of responding to his request to discuss accommodations, "Valeant terminated Mr. Weinberg's employment at its first opportunity."  Complaint, ¶ 31.  On other hand, however, Plaintiff suggests that, to the contrary, Valeant engaged in the interactive process, and that Ms. Brunger "stated that [Valeant] approved Mr. Weinberg taking unpaid time off" but Plaintiff refused to take unpaid time off, ***resigning*** his employment.  Complaint, ¶ 32 (emphasis added).

/ / /

Based on the foregoing, Plaintiff alleges claims not only against his alleged former employer, Valeant, but also makes the novel attempt to hold its subsidiaries, OMP, Medicis, and Bausch & Lomb, liable for conduct asserted against Valeant. Plaintiff asserts claims against all Defendants for (1) retaliation in violation of California Labor Code section 1102.5(b); (2) retaliation in violation of California Labor Code section 1102.5(c); (3) disability discrimination in violation of the FEHA; (4) wrongful termination; (5) constructive discharge; (6) harassment in violation of the FEHA; (7) retaliation in violation of the FEHA; (8) failure to maintain an environment free from harassment under the FEHA; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress. For the reasons set forth below, Plaintiff's Complaint suffers from several deficiencies.

## ARGUMENT

## I.  Motion to Dismiss Standard.

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss a complaint if a plaintiff's allegations fail to state a claim upon which relief can be granted.  "The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star Int'l v. Ariz. Corp. Com'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In deciding a Rule 12(b)(6) motion, a court is required to view all allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, in order to survive dismissal, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 929 (2007).  To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

## II.   The Court Should Dismiss All Claims (Counts 1-10) Against the Subsidiaries Because Plaintiff Does Not (and Cannot) Allege that the Subsidiaries Did Anything, and Plaintiff Makes No Alter Ego Allegations.

Plaintiff clearly alleges that it was Valeant, not any of the named subsidiaries, which employed Plaintiff.  *See, e.g.*, Complaint, ¶¶ 16-19.  Plaintiff further alleges that it was Valeant that terminated Plaintiff and engaged in *all* of the alleged conduct described in the Complaint.  *See generally*, Complaint.  Plaintiff does not allege anywhere that OMP, Medicis, or Bausch & Lomb employed Plaintiff, nor does Plaintiff allege that these subsidiaries engaged in any affirmative conduct whatsoever.  *See generally*, Complaint.  For this reason, all ten counts must be dismissed against OMP, Medicis, and Bausch & Lomb.

At most, Plaintiff may be seeking to hold the subsidiary defendants liable for the alleged conduct of Valeant based on some kind of alter ego theory.  Plaintiff, however, does not include any allegations to support the conclusion that these separate companies should be held liable as alter egos for the conduct of Valeant, their parent company.  Plaintiff's only alter ego allegation is the boilerplate statement that "[u]pon information and belief, Defendants Medicis Pharmaceutical Corporation, Obagi Medical Products, Inc., and Bausch & Lomb Incorporated are subsidiaries of Valeant, and each Defendant is controlled and/or dominated by the others such that all Defendants are alter-egos of each other."  Complaint, ¶ 8.  Far more than this conclusory, boilerplate statement is required to allow a plaintiff to maintain an action against a defendant under an alter ego theory.  *See Jamison v. Royal Caribbean Cruises, Ltd.*, No. 08-CV-1513 WQH (NLS), 2009 WL 559722,

at *4 (S.D. Cal. Mar. 4, 2009) ("[t]he Complaint alleges a formulaic recitation of the elements of alter ego law, which is insufficient under the pleading standard articulated in Rule 8 of the Federal Rules of Civil Procedure … The Complaint fails to allege any facts to support Plaintiff's conclusory allegation that RCCL may be an alter ego of some unknown DOE defendant …").

Alter ego liability "allows a plaintiff to 'pierce the corporate veil' and hold a corporate actor or parent corporation liable for the conduct of the corporation or subsidiary." *Pac. Mar. Freight, Inc. v. Foster*, No. 10-CV-0578-BTM-BLM, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010) (citing *Stark v. Coker*, 20 Cal. 2d 839, 845, 129 P.2d 390 (1942)).  However, corporate veil piercing is an "extreme remedy, sparingly used." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538, 99 Cal. Rptr. 2d 824 (2000).  As such, alter ego liability is only employed "in narrowly defined circumstances and only when the ends of justice so require." *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 201, 216 Cal. Rptr. 443 (1985).

To properly plead an alter ego theory of liability, a plaintiff must plead the elements of the theory and facts to support those elements, namely:  "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Automotriz Del Golfo De California S.A. De C.V. v. Resnick,* 47 Cal. 2d 792, 796, 306 P.2d 1 (1957); *see Pac. Mar. Freight, Inc.*, No. 10-CV-0578-BTM-BLM, 2010 WL 3339432, at *5-7; *Wady v. Provident Life and Accident Ins. Co. of America,* 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002).  "Factors that can be used to support the first element, unity of interest, include commingling of funds, failure to maintain minutes or adequate corporate records, identification of the equitable owners with the domination and control of the two entities, the use of the same office or

business locations, the identical equitable ownership of the two entities, the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual, and the failure to adequately capitalize a corporation." *Pac. Mar. Freight, Inc.*, 2010 WL 3339432, at *5-7 (citing *Associated Vendors, Inc. v. Oakland Meat Co.,* 210 Cal. App. 2d 825, 838-40, 26 Cal. Rptr. 806 (1962)).

Plaintiff does not even attempt to plead any facts to show why these two factors exist here.  Plaintiff's claims against Valeant's subsidiaries thus cannot be justified under an alter ego theory of liability.  For this reason alone, Plaintiff's claims against Medicis, OMP, and Bausch & Lomb must be dismissed.  Plaintiff also may attempt to hang his claims against the subsidiaries on the vague allegation that Plaintiff was at one point "assigned to perform services for Medicis" in Arizona.  Complaint, ¶ 22.  Plaintiff also vaguely alleges that "one of [his] assignments required him to perform services for Valeant's subsidiary, Obagi." Complaint, ¶ 25.  These are the only allegations regarding Medicis and OMP in the Complaint, and there are no allegations in the Complaint regarding Bausch & Lomb, other than the jurisdictional allegations as to where each subsidiary is incorporated and headquartered.  *See* Complaint, ¶¶ 9-11.  These allegations again fall short of alleging any affirmative conduct of any of these subsidiary defendants that can support any of Plaintiff's causes of action.  Thus, Plaintiff's claims against Medicis, OMP, and Bausch & Lomb must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action against these defendants.

**III.    The Court Should Dismiss All of Plaintiff's FEHA Based Claims (Counts 3-8) Against All Defendants Because Plaintiff Fails to Allege that He Filed a Timely Administrative Charge with the DFEH.**

Counts 3 through 8 of Plaintiff's Complaint are expressly based on the FEHA.  *See* Complaint at p. 1 (Caption); 13-23 (Counts 3 through 8).  Nowhere in

the Complaint, however, does Plaintiff allege that he exhausted his remedies by filing an administrative complaint against Defendants with the DFEH and obtaining a right-to-sue letter from the DFEH prior to filing this action.  For this reason alone, Counts 3 through 8 must be dismissed against all Defendants.

The FEHA expressly requires plaintiffs to properly exhaust their statutory administrative remedies prior to bringing a civil action against a defendant alleging a violation of the FEHA.  Cal. Gov. Code § 12960.  Pursuant to the FEHA, the DFEH is charged with investigating, conciliating, and seeking redress of the claimed discrimination.  Cal. Gov. Code §§ 12901, 12930.  Upon receipt of an administrative complaint, the DFEH will promptly investigate and either decide to pursue the matter or issue a right-to-sue notice which allows the plaintiff to proceed to file a civil complaint in court.  Cal. Gov. Code § 12963.  "[E]xhaustion of the FEHA administrative remedy is a precondition to bringing a civil suit" under the FEHA.  *Rojo v. Kliger*, 52 Cal. 3d 65, 83, 276 Cal. Rptr. 130 (1990).  Courts interpreting this requirement have held that in addition to filing a timely DFEH administrative complaint, the receipt of a DFEH notice of right-to-sue is a mandatory prerequisite to bringing a civil action under the FEHA.  *Romano v. Rockwell International, Inc.*, 14 Cal. 4th 479, 492, 59 Cal. Rptr. 2d 20 (1996) ("Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the Department of Fair Employment and Housing (Department) and *must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA"*) (emphasis added); *Schifando v. City of Los Angeles,* 31 Cal. 4th 1074,1081-1082, 6 Cal. Rptr. 3d 457 (2003).[2]

---

[2] The California Supreme Court has noted that the requirement of exhaustion of this administrative remedy before the DFEH "furthers a number of important societal and governmental interests, including: (1) bolstering administrative autonomy; (2) permitting the agency to resolve factual issues, apply its expertise

Courts have held that exhaustion of administrative remedies before the DFEH is a "jurisdictional" prerequisite to filing a FEHA civil action. *See Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 889-890, 220 Cal. Rptr. 684 (1985) (failure to exhaust the DFEH administrative remedy "is a jurisdictional, not a procedural, defect"); *Bennett v. Borden*, 56 Cal. App. 3d 706, 708-710, 56 Cal. App. 3d 706 (1976) ("exhaustion of the [DFEH] administrative remedy is a jurisdictional prerequisite to resort to the courts"); *Baker v. Children's Hospital*, 209 Cal. App. 3d 1057, 1062, 257 Cal. Rptr. 768 (1989); *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 35 Cal. Rptr. 2d 181 (1994). Thus, the plaintiff must plead in the complaint facts sufficient to show an exhaustion of administrative remedies. *Hood v. Hacienda La Puente School Dist.*, 65 Cal. App. 4th 435, 439, 76 Cal. Rptr. 2d 448 (1998) (plaintiff had a duty to plead exhaustion of administrative remedies or facts to indicate the duty had been excused); *Westinghouse Elec. Corp. v. County of Los Angeles*, 42 Cal. App. 3d 32, 37, 116 Cal. Rptr. 742 (1974) (same). "The law is quite clear that if an employee fails to file an administrative charge specifically identifying the alleged discrimination, and within one year of its occurrence, the subsequent lawsuit will be barred." *Hobson v. Raychem Corp.*, 73 Cal. App. 4th 614, 631 (1999).

Plaintiff does not allege anywhere in his Complaint that he filed a timely administrative complaint with the DFEH or obtained a timely right-to-sue notice from the DFEH before filing this lawsuit against Defendants. *See generally*, Complaint. Because Plaintiff has failed to allege facts sufficient to show that he possesses standing to bring this civil action for violation of the FEHA, Counts 3 through 8 of the Complaint must be dismissed. Further, the Court should deny leave to amend unless Plaintiff can establish in his opposition to this motion that he did timely file an administrative complaint with the DFEH within one year after his

and exercise statutorily delegated remedies; (3) mitigating damages; and (4) promoting judicial economy." *Rojo*, 52 Cal. 3d at 72.

alleged termination and obtained a timely right-to-sue notice, as Defendants are informed and believe that Plaintiff did not in fact do so.  *See Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (leave to amend should be denied only if the court determines that "allegation(s) of other facts consistent with the challenged pleading could not possibly cure the deficiency"); *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)  (court need not expressly state granting leave to amend would be futile if this reasoning is *apparent* from the record); *see also* Declaration of Jill A. Gutierrez, Exhibit B (containing a copy of a DFEH complaint filed by Plaintiff on August 5, 2015, the day before Plaintiff filed the instant lawsuit, and approximately two years after Plaintiff resigned from his employment with Valeant Pharmaceuticals North America, LLC).

**IV.    The Court Should Dismiss All of Plaintiff's FEHA Based Claims (Counts 3-8) Against All Defendants Because the FEHA Does Not Apply to an Arizona Citizen Who Was Employed and Worked in Arizona for a Company Based Outside of California.**

Plaintiff readily admits that he is an Arizona citizen (Complaint, ¶ 7) who allegedly worked in Arizona for Valeant, a Delaware Corporation headquartered in New Jersey (Complaint, ¶¶ 8, 16).  The FEHA does not protect nonresidents employed outside California, even in cases where, unlike here, the employer is a California employer – "Applying the FEHA in this situation would raise serious constitutional concerns."  *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1857-58, 50 Cal. Rptr. 2d 626 (1996).

To any extent Plaintiff hopes to invoke the FEHA based on his allegation that he did some work that in some way benefited OMP, a California based subsidiary of his alleged employer (*see* Complaint, ¶ 25), that allegation does not suffice.  In *Campbell*, the plaintiff was a Washington resident who applied via mail to work at

a company headquartered in California for a position serving aboard ships based in California.  The court rejected that plaintiff's effort to invoke the FEHA:

> "At some point, a line must be drawn between those
> situations where the law applies and those where it does
> not.  Appellant would have the law applied to all
> California-based employers regardless of where the
> aggrieved employee resides and regardless of where the
> tortious conduct took place.  We reject that view.  To
> paraphrase the Supreme Court, if we were to accept
> appellant's view, we would have no logical basis for
> distinguishing between a nonresident working for a
> California corporation outside the state and a nonresident
> working for a foreign corporation outside the state.
> Without clearer evidence of legislative intent to do so
> than is contained in the language of the FEHA, we are
> unwilling to ascribe to that body a policy which would
> raise difficult issues of constitutional law by applying this
> state's employment-discrimination regime to nonresidents
> employed outside the state."

*Id.*

The facts here are even weaker than the facts in *Campbell*.  Here, Plaintiff, an Arizona resident who worked in Arizona, is not seeking to invoke the FEHA against a California based employer, but rather against an employer based *outside* of California.  Plaintiff appears to invoke some kind of theory that some of the work he did may have benefited OMP, a California based subsidiary.  However, "[t]o interpret FEHA as covering all employees who perform some job duties or manage some clients in California, even when no connection exists between the

California activities and the discrimination at issue, would clearly implicate the federal constitutional concerns that animated *Campbell* 's limitation on FEHA's extraterritorial reach."  *Gonsalves v. Infosys Technologies, Inc.,* No. C 09-04112 MHP 2010 WL 1854146 (N.D. Cal. May 6, 2010).

Federal district courts following *Campbell*, including the court in *Gonsalves*, have required that plaintiffs invoking the FEHA either affirmatively plead facts demonstrating that (1) the plaintiff was employed in California, or (2) that the allegedly tortious conduct took place in California.  In *Gonsalves*, the court rejected FEHA claims alleged by Ohio resident against former employer.  The court first found that the plaintiff's allegations that he had traveled to Defendant's headquarters in California on several occasions and had managed clients in California were insufficient to allege that the plaintiff had been employed in California.  *Id.* at * 5.  Further, the court found that the plaintiff had failed to allege facts showing that the allegedly tortious conduct took place in California, as plaintiff failed to identify who was responsible for the decision to demote and terminate the plaintiff, where those individuals were located, and where the plaintiff was located at the time his employer was alleged to have discriminated against him. *Id.*  The court also found that the plaintiff's allegations that the decision to terminate him was approved, implemented and ratified in California were "extremely general in nature" and insufficient to establish a nexus between the alleged discrimination and California.  *Id.* at *6.

Similarly, in *Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988 JF (HRL), 2007 WL 420191, at *2-3 (N.D. Cal. Feb. 5, 2007), the court rejected the plaintiff's FEHA claims, noting that although the plaintiff claimed to fall within the prong for tortious conduct occurring in California, "the cited paragraphs do not state what aspects of the alleged conduct occurred in California."  *Id.* at * 3.  Further, "[w]hile the FAC appears to assert that the corporate officers named in the allegations

ratified or participated in the challenged conduct, it only implies that they were employed in California and does not identify what actions, if any, they took in California.  If California-based employees participated in or ratified the alleged tortious conduct, the complaint must so state with specificity so that the Court can determine if these actions are sufficient to state a claim under FEHA. As in *Campbell,* the blanket allegation that [defendant] disseminated policies from within California is insufficient to state a claim." *Id.; see also McCamey v. Hewlett Packard Co.*, No. CIV. S-11-0702 FCD, 2011 WL 4056158 at *3 (E.D. Cal. Sept. 12, 2011) ("[i]n order to state a viable claim under the FEHA, plaintiff must show that the conduct that allegedly violated FEHA occurred in California" and thus "plaintiff's complaint must specifically 'state what aspects of the alleged conduct occurred in California'") (citation omitted).

Further, in *Rulenz v. Ford Motor Co.*, No. 10CV1791-GPC-MDD, 2013 WL 2181241, at *4-5 (S.D. Cal. May 20, 2013), the court struck the plaintiff's FEHA claims with leave to amend, finding that the plaintiff made "only one allegation of tortious conduct in the state of California," but that that alleged conduct (failing to hire plaintiff for a position in California before hiring plaintiff for a position in Nevada from which she was terminated) was "ancillary" to the "vast majority" of Plaintiff's allegations which were based on the defendant's conduct as her employer in Nevada.  *Id.* at *4.  "As such, the Court concludes that nearly all of the alleged tortious conduct occurred outside the state of California, and Plaintiff has therefore failed to properly state a FEHA claim."  *Id.*

Plaintiff's allegations are even weaker than the allegations rejected by the courts in *Campbell*, *Gonsalves*, *Dodd-Owens*, and *Rulenz* as insufficient.  Plaintiff affirmatively pleads that he is a resident of Arizona and was employed in Arizona. Plaintiff pleads that he was employed by Valeant, a Delaware corporation headquartered in New Jersey.  At most, Plaintiff pleads that some services he

1  provided as an employee of Valeant may have benefited one of its subsidiaries

2  located in California.  As established in *Campbell* and its progeny, such allegations

3  are far from sufficient to establish that Plaintiff was employed in California.

4  Plaintiff further makes no specific allegations establishing that the tortious conduct

5  supporting his FEHA claims occurred in California.  For this reason, Plaintiff's

6  FEHA claims must be dismissed against all Defendants.

## CONCLUSION

8      For the foregoing reasons, the Court should grant this motion.

10  DATED:  September 1, 2015        DORSEY & WHITNEY LLP

12                    By: */s/ Jill A. Gutierrez*
                          Jessica L. Linehan
13                        Jill A. Gutierrez
                          Attorneys for Defendants
14                        VALEANT PHARMACEUTICALS
                          INTERNATIONAL, MEDICIS
15                        PHARMACEUTICAL CORPORATION,
                          OBAGI MEDICAL PRODUCTS, INC.,
16                        and BAUSCH & LOMB
                          INCORPORATED

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

All Case Participants are registered for the USDC CM/ECF System

*Joseph Weinberg, etc. v. Valeant Pharmaceuticals International, et al.*
*Central District of California Case Number* 8:15-cv-01260-DOC-KES

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS VALEANT PHARMACEUTICALS INTERNATIONAL, MEDICIS PHARMACEUTICAL CORPORATION, OBAGI MEDICAL PRODUCTS, INC. AND BAUSCH & LOMB INCORPORATED'S MOTION TO DISMISS THE COMPLAINT**

I hereby certify that on September 1, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By:   */s/ Jill A. Gutierrez*_____
　　　Jill A. Gutierrez