JESSICA L. LINEHAN (SBN 223569)
linehan.jessica@dorsey.com
JILL A. GUTIERREZ (SBN 258138)
Gutierrez.jill@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendants
VALEANT PHARMACEUTICALS INTERNATIONAL, MEDICIS PHARMACEUTICAL CORPORATION, OBAGI MEDICAL PRODUCTS, INC. and BAUSCH & LOMB INCORPORATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH WEINBERG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware corporation; MEDICIS PHARMACEUTICAL CORPORATION, a Delaware corporation; OBAGI MEDICAL PRODUCTS, INC., a Delaware corporation; BAUSCH & LOMB INCORPORATED, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO: 8:15-CV-01260-DOC-KES<br><br>**DECLARATION OF JILL A. GUTIERREZ IN SUPPORT OF DEFENDANTS VALEANT PHARMACEUTICALS INTERNATIONAL, MEDICIS PHARMACEUTICAL CORPORATION, OBAGI MEDICAL PRODUCTS, INC. AND BAUSCH & LOMB INCORPORATED'S MOTION TO DISMISS THE COMPLAINT**<br><br>**DATE: October 26, 2015**<br>**TIME: 8:30 a.m.**<br>**CTRM: 9D**<br><br>[Filed Concurrently With Notice of Motion, Memorandum of Law, Declaration of Jill A. Gutierrez, and [Proposed] Order]<br><br>Action Filed: August 6, 2015<br>Trial Date: Not Set |

# DECLARATION OF JILL A. GUTIERREZ

I, Jill A. Gutierrez, declare as follows:

1. I am an associate of the law firm of Dorsey & Whitney LLP, counsel of record for the Defendants Valeant Pharmaceuticals International, Medicis Pharmaceutical Corporation, Obagi Medical Products, Inc. and Bausch & Lomb Incorporated. I have personal knowledge of the facts set forth herein and, if called as a witness in this action, I could and would competently testify to these facts under oath.

2. Pursuant to Central District Local Civil Rule 7-3, I met and conferred with Plaintiff's counsel, Tyler Ross, regarding the grounds for this motion on Tuesday, August 25, 2015. Attached hereto as **Exhibit A** is a true and correct copy of an e-mail I sent to Mr. Ross on August 25, 2015, at 3:13 p.m. confirming what we discussed on our call.

3. During our meet and confer conference, Mr. Ross informed me that Plaintiff had filed an administrative complaint with the California Department of Employment and Housing ("DFEH") and had obtained a right-to-sue notice, and while we were on the phone, Mr. Ross e-mailed me a copy of the right-to-sue notice. A true and correct copy of the e-mail Mr. Ross sent me on August 25, 2015, at 2:40 p.m., including the attachment to that e-mail, is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 1, 2015, in Costa Mesa, California.

*/s/ Jill A. Gutierrez*

Jill A. Gutierrez

# EXHIBIT A

Exhibit A Page 3

**Gutierrez, Jill**

**From:** Gutierrez, Jill
**Sent:** Tuesday, August 25, 2015 3:13 PM
**To:** 'tyler@geragos.com'
**Cc:** Linehan, Jessica; Murashko, Carmen (Murashko.Carmen@dorsey.com)
**Subject:** Re: Weinberg v. Valeant et al.

Dear Mr. Ross:

Thank you for speaking with me this afternoon. This e-mail will confirm that we met and conferred today pursuant to Local Rule 7-3 regarding Defendants' anticipated motion to dismiss Plaintiff's Complaint for failure to state a claim, particularly because (1) Plaintiff does not allege any conduct of Medicis Pharmaceutical Corporation, Obagi Medical Products, Inc., and Bausch & Lomb Incorporated and does not allege facts supporting alter ego liability; (2) Plaintiff does not allege that he filed an administrative complaint with the DFEH and obtained a right to sue notice, and the FEHA claims against all Defendants must be dismissed; and (3) the FEHA based claims must be dismissed against all Defendants because Plaintiff alleges he is an Arizona resident who worked in Arizona for a non-California based employer.

You indicated that you intend to oppose the motion, which we plan to file on September 1. Although you forwarded me a copy of a right to sue notice dated August 5, 2015, we will proceed with our motion based on this ground because Plaintiff's DFEH complaint was filed untimely and thus we believe Plaintiff cannot cure this deficiency. Please let us know if you would like to further discuss any of these points in greater detail.

Thank you.

Sincerely,

**Jill A. Gutierrez***
Associate

DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
P: 714.800.1422 F: 714.464.2317

***Formerly Jill A. Hammerbeck**

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

# EXHIBIT B

**Gutierrez, Jill**

| | |
|---|---|
| **From:** | Tyler Ross <tyler@geragos.com> |
| **Sent:** | Tuesday, August 25, 2015 2:04 PM |
| **To:** | Gutierrez, Jill |
| **Subject:** | Right to Sue letter |
| **Attachments:** | DFEH Right to Sue.pdf |

--

Tyler M. Ross, Esq.
GERAGOS & GERAGOS, APC
644 S. Figueroa Street
Los Angeles, CA 90017

Tel: 213.625.3900
Fax: 213.232.3255

--------------------------------------------------------------------------------

This E-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail or call me at (213) 625-3900. The unauthorized use, dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

--------------------------------------------------------------------------------

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 05, 2015

Ben Meiselas
Geragos And Geragos, APC, 644 South Figueroa Street
Los Angeles California 90017

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 624984-174494
Right to Sue: Weinberg / Valeant Pharmaceuticals, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 05, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 624984-174494
Right to Sue: Weinberg / Valeant Pharmaceuticals, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 05, 2015

Joseph Weinberg

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 624984-174494
Right to Sue: Weinberg / Valeant Pharmaceuticals, Inc.

Dear Joseph Weinberg,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 05, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc: Medicis Pharmaceutical Corporation

Obagi Medical Products, Inc.

Bausch And Lomb Incorporated

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
Joseph Weinberg, Complainant.

DFEH No. 624984-174494

vs.

Valeant Pharmaceuticals, Inc., Respondent.
400 Somerset Corporate Blvd.
Bridgewater, New Jersey 08807

Complainant alleges:

1. Respondent **Valeant Pharmaceuticals, Inc.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **August 06, 2013**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a work environment free of discrimination and/or retaliation, Denied family care or medical leave, Denied reasonable accommodation, Forced to quit, Terminated, .** Complainant believes respondent committed these actions because of their: **Disability, Medical Condition - including Cancer .**

3. Complainant **Joseph Weinberg** resides in the City of , State of . If complaint includes co-respondents please see below.

Date Filed: August 05, 2015

**Co-Respondents:**

Medicis Pharmaceutical Corporation

400 Somerset Corporate Blvd.
Bridgewater New Jersey 08807

Obagi Medical Products, Inc.

400 Somerset Corporate Blvd.
Bridgewater New Jersey 08807

Bausch And Lomb Incorporated

1400 North Goodman Street
Rochester New York 14609

**Additional Complaint Details:**

Mr. Weinbergs claims arise out of the disability discrimination, retaliation, and wrongful termination by Valeant Pharmaceuticals, Inc. ("Valeant") because he suffers from Multiple Sclerosis and is compounded because he refused to participate in fraudulent conduct. As a result of Valeants unlawful conduct, Mr. Weinbergs life has been placed in severe jeopardy. Beginning in March 2013, Valeant interviewed Mr. Weinberg over a three-month period for a potential employment position to direct Valeants IT infrastructure. Valeant recognized Mr. Weinbergs extraordinarily advanced skillset and concluded its six-month nationwide search by offering Mr. Weinberg the Senior Converged Infrastructure Engineer position. Valeant offered Mr. Weinberg a base salary of $110,000, undisclosed stock grants, a 10% bonus, and medical benefits. Mr. Weinberg was offered an employment position with Valeant, not with one of Valeants many subsidiaries.In considering Valeants employment offer, Mr. Weinberg was concerned about the stable environment and working conditions because he suffers from the neurological condition Multiple Sclerosis. Mr. Weinbergs then-employer had created an environment where Mr. Weinberg could manage his condition and employment responsibilities, and Mr. Weinberg wanted a similar experience. Mr. Weinberg accepted Valeants offer because, in part: (1) Valeant was a stable company that could provide him and his family extraordinary health benefits, and (2) Mr. Weinberg believed that a company that manufactured and sold neurological medications would care and have compassion for a Multiple Sclerosis patient such as himself.Mr. Weinberg began his position at Valeant in May, 2013 and worked directly under the supervision of IT engineering directors Jacob Alao and Steve Schiavone. At the outset, Mr. Weinberg was enthusiastic and excited about his position and looked forward to going to work each day. During this time, Mr. Weinberg and his wife learned that they were expecting their second child. However, beginning in June, 2013 and more fully described below, the severe stress caused by Valeants corporate culture and the unlawful orders given by Mr. Weinbergs managers caused him to experience physical manifestations of his Multiple Sclerosis. Valeants failure to control Mr. Weinbergs supervisor, Jacob Alao, created a hostile environment. Approximately one month into Mr. Weinbergs employment at Valeant, Mr. Alao visited Scottsdale, Arizona to meet with Mr. Weinberg. During this visit, Mr. Alao told Mr. Weinberg that he had his own Nigerian financial company called Mongran Financial ("Mongran"), and that Valeant and Mr. Alaos prior employers had helped start Mongran. Knowing that Mr. Weinberg had access to Valeants Oracle RAC system used for the financial databases as well as the SAP system, Mr. Alao asked Mr. Weinberg if he wanted to help do business at Valeant by providing access to those systems. Mr. Weinberg refused to help Mr. Alao, recognizing that providing access to private financial systems was a violation of the Sarbanes-Oxley Act and PCI security standards. Mr. Alaos illegitimate operations expose Valeant to substantial liability. After Mr. Weinberg refused to comply with Mr. Alaos demands, Mr. Alao proceeded to hire numerous consultants, all of whom were

from Nigeria. Mr. Weinberg interacted with several of these consultants and recognized that, although they knew very little about IT systems, they nevertheless wanted to gain access to financial data and personally identifiable information. Mr. Weinberg never provided access to this information to anyone. Nonetheless, because of his influential position in the IT division at Valeant, Mr. Alao and his consultants gained access to these systems. Mr. Alaos other hostile conduct was alarming as well. On one occasion, Mr. Weinberg was working at a Valeant subsidiary company named Obagi. Mr. Alao instructed and insisted Mr. Weinberg perform data migration in manners that fell below industry standards and, in Mr. Weinbergs extensive experience, would cause the data to become corrupt. When Mr. Weinberg voiced these concerns to Mr. Alao, he insisted and demanded Mr. Weinberg proceed anyway, going so far as to remotely log-in to Mr. Weinbergs active computer session, take control of his mouse, and make changes to the system to ensure corruption and data loss. Mr. Alao corrupted the data to the point where it became unusable. Mr. Alao became hostile towards Mr. Weinberg after Mr. Weinberg refused to help Mr. Alao with his Nigerian enterprise and the Obagi matter. For example, Mr. Alao would intimidate and tell Mr. Weinberg the bloody things that he would do such as fire people for the fun of the bloodsport, how Valeant would conduct hostile takeovers of companies and ruin the lives of the preexisting staff by giving them termination dates, and how he found it funny that the girlfriend of Jonah Shacknai, the founder of Medicis Pharmaceutical, committed suicide by hanging naked from Mr. Shacknais balcony. Mr. Alaos retaliatory campaign increased in severity over time. The escalating severity and effects of Mr. Alaos intimidating and retaliatory conduct caused the debilitating effects of Multiple Sclerosis to take their toll on Mr. Weinberg. For example, Mr. Weinberg began to experience difficulty with his cognitive abilities, numbness in his appendages, and mobility problems, all of which signaled that he was suffering brain and spinal column damage. Mr. Weinberg therefore approached Alison Brunger, Valeants Director of Human Resources, to explore these issues so that Mr. Weinberg could continue to work for Valeant. Valeant never responded to Mr. Weinberg. Mr. Weinbergs health continued to decline through June and July of 2013. Mr. Weinberg, his family, and his Multiple Sclerosis neurologists feared that the stressful and hostile environment at Valeant was going to cause brain damage, diminish his quality of life, and ultimately permanently disable him. Mr. Weinbergs only option was to continue working in order to support his family and pay for his treatments, and therefore he was forced to forego using a more effective medication in favor of a less effective medication that would allow him to continue working. Despite these immense challenges, Mr. Weinberg nonetheless excelled at work. When Valeant Pharmaceuticals acquired Medicis Pharmaceutical in 2012, Mr. Weinberg was informed that his job was safe. Mr. Alao told Mr. Weinberg that he would be given a relocation package so that Mr. Weinberg could move back to New Jersey and continue his employment with Valeant. However, Mr. Weinberg learned from former Medicis employees that they were not awarded relocation packages despite promises otherwise. As Valeant was well aware of Mr. Weinbergs health issues, he began to realize that his job was not safe. His health continued to decline, and in August, 2013, Mr. Weinberg again contacted Ms. Brunger in order to discuss a severance package. As Mr. Weinberg again informed Ms. Brunger of his failing health and the hostile and

stressful work environment.Instead of discussing a severance package so that Mr. Weinberg could get treatment, Valeant terminated Mr. Weinbergs employment at its first opportunity.  Ms. Brunger misled Mr. Weinberg into scheduling a meeting to discuss his health and the work environment in August, 2013.  At this meeting, and instead of discussing these issues, Ms. Brunger handed Mr. Weinberg separation papers and offered Mr. Weinberg FMLA leave.  She also sated that the Senior Vice President of IT approved Mr. Weinberg taking unpaid time off.  However, Mr. Weinberg could not afford to take time off as he was obligated to care for his family as well as pay for his costly treatments.  Thereafter, Valeant terminated Mr. Weinbergs employment.  Mr. Weinberg was forced to seek new employment quickly as he and his family were expecting their second child.  Consequently Mr. Weinberg was left with no income and Valeant Cobra insurance that cost him over $1,600 per month, putting the Weinberg family into a dire financial situation.  Mr. Weinbergs Multiple Sclerosis worsened and diminished his cognitive ability even further.  Mr. Weinberg was forced to sell his house, car, and stocks, and cash out his 401k in order to live.  In addition, an MRI in October of 2013 revealed four lesions on Mr. Weinbergs brain, limiting his ability to function, despite his young age, as well as his ability to find another job.  Sadly, the long-lasting mental and physical pain inflicted upon Mr. Weinbergs as a result of the stressful environment at Valeant was so great that he contemplated suicide.  Thankfully, he decided against taking his own life. The Weinberg family then moved to Utah with Mr. Weinbergs in-laws so that Mr. Weinberg could focus on healing.  In the spring of 2014, Mr. Weinberg was prescribed Rituxan from the Barrow Neurological Institute.  When Mr. Weinberg attempted to receive treatment, Valeants Cobra insurance denied coverage.  Mr. Weinberg could not afford, and therefore could not receive, this life-saving treatment. Mr. Weinberg instead was prescribed Tysabri, which has a high and potentially fatal risk of brain damage, because it was covered by Valeants Cobra insurance.  In October of 2013, Mr. Weinbergs oldest son started showing signs of erratic behavior and shortly thereafter was diagnosed with Autism.  The next month, Mr. Weinbergs second child was born.  Due to the financial situation caused by Valenats wrongful termination, Mr. Weinberg could not afford the Autism treatments for his oldest son.  As a result, Mr. Weinbergs oldest son is now non-verbal and will likely never lead a normal life.  But for Valeants wrongful termination, Mr. Weinberg would have been able to afford early intervention medical treatments for his son.  Valeant Pharmaceuticals wrongful conduct contravenes numerous statutory, common law, and Constitutional provisions, all of which generate significant liability for Valeant Pharmaceuticals International, Inc.  As Mr. Weinbergs former employer, Valeant Pharmaceuticals is liable for disability discrimination and wrongful termination, as well as numerous violations of Federal and State statutes prohibiting discrimination based on ones disability.Valeants termination of Mr. Weinbergs employment was clearly motivated by his Multiple Sclerosis.  Indeed, Valeant hired a new employee to replace Mr. Weinberg despite representing that Mr. Weinbergs employment position was being terminated as part of the Medicis layoffs.  To make matters worse, Valeant failed to properly supervise Mr. Weinbergs manager, allowing Mr. Alao free reign to harass and intimidate Mr. Weinberg into participating in his fraudulent conduct.  As a result of this unlawful conduct, Mr. Weinberg has suffered significant economic and emotional damages.  Due to Valeant wrongfully terminating

him, Mr. Weinberg has lost years of earning at least a $140,000 salary, was forced to sell his home, car, and stocks, and was forced to spend his 401k and savings in order to survive. Mr. Weinberg also suffered serious emotional and physical distress as a result of the disability discrimination he experienced at Valeant, the resulting Multiple Sclerosis symptoms, and the four subsequent relocations Mr. Weinberg and his family had to make before finally settling down in Las Vegas. Valeant is directly liability for these injuries.

VERIFICATION

I, **Ben Meiselas**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 05, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**
**Ben Meiselas**

## CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*Joseph Weinberg, etc. v. Valeant Pharmaceuticals International, et al.*
*Central District of California Case Number* 8:15-cv-01260-DOC-KES

**DECLARATION OF JILL A. GUTIERREZ IN SUPPORT OF DEFENDANTS VALEANT PHARMACEUTICALS INTERNATIONAL, MEDICIS PHARMACEUTICAL CORPORATION, OBAGI MEDICAL PRODUCTS, INC. AND BAUSCH & LOMB INCORPORATED'S MOTION TO DISMISS THE COMPLAINT**

I hereby certify that on September 1, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: */s/ Jill A. Gutierrez*
Jill A. Gutierrez