**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH WEINBERG,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>VALEANT PHARMACEUTICALS NORTH AMERICA, LLC,<br><br>          Defendant-Appellee. | No.   17-56359<br><br>D.C. No. 8:15-cv-01260-KES<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Karen E. Scott, Magistrate Judge, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and CARDONE,** District Judge.

Joseph Weinberg appeals the district court's grant of summary judgment to Valeant Pharmaceuticals on his claim for intentional infliction of emotional distress ("IIED"). He argues the district court erroneously declined to toll the

---

          *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          **   The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

statute of limitations under California's incapacity-tolling statute, Cal. Code Civ. Proc. § 352(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Weinberg concedes that without tolling the two-year statute of limitations for at least one day, his IIED claim would be time-barred.  *See Pugliese v. Superior Court*, 146 Cal. App. 4th 1444, 1450 (2007).  The latest that Weinberg's IIED claim could have accrued is August 5, 2013, the day his employment with Valeant ended.  *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1008 (9th Cir. 2011).  Weinberg filed his complaint more than two years later, on August 6, 2015.

The district court correctly concluded the statute of limitations cannot be tolled under California Code of Civil Procedure § 352(a) because Weinberg did not lack legal capacity to make decisions the last day his IIED claim could have accrued.  Rather, the undisputed evidence establishes Weinberg's capacity on August 5, 2013.  On that day, Weinberg communicated with Valeant through email and in person about a severance package.  He then decided not to "sign away [his] rights," rejected the offered package, and sent a resignation email.  Weinberg's negotiation and decision-making establish he was not "incapable of caring for his property or transacting business, or understanding the nature or effects of his acts"

---

[1] The district court also granted summary judgment to Valeant on the basis that its conduct was not sufficiently outrageous to support a claim for IIED.  However, because Weinberg's claim is time-barred, we do not reach the merits of this issue.

on August 5, 2013. *See Hsu v. Mt. Zion Hosp.*, 259 Cal. App. 2d 562, 571 (1968).

With the undisputed evidence in the record, no triable issue exists whether Weinberg became incapacitated for the purposes of section 352(a) the last day his IIED claim could have accrued. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Weinberg possessed legal capacity to make decisions. *See* Cal. Civ. Proc. Code § 352(a); *Hsu*, 259 Cal. App. 2d at 574. The limitations period, therefore, cannot be tolled, and Weinberg's claim is time-barred.

**AFFIRMED.**